**SO ORDERED: May 31, 2007.**

**Basil H. Lorch III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

IN RE:                                                    )
MARY ROBYN PEREZ,                        )          CASE NO. 07-90210-BHL-13
     Debtor.                                          )
_____ )

**ORDER**

     This matter comes before the Court on three related matters all filed by the Creditor, First

Harrison Bank ["the Bank"] and set forth in the **Memorandum in Support of First Harrison**

**Bank's Motion to Terminate Stay, Motion to Terminate Co-Debtor Stay and Objection to**

**Confirmation of Chapter 13 Plan** which was filed on April 2, 2007.  A **Memorandum in Support**

**of Debtor's Objection to First Harrison Bank's Motion to Terminate Stay, First Harrison**

**Bank's Motion to Terminate Co-Debtor Stay, and in Support of Confirmation of Chapter 13**

**Plan** was filed on April 6, 2007.  The Court conducted a hearing on the foregoing on April 10, 2007,

at which time the matters were taken under advisement.  The Court, having reviewed the pleadings

and applicable case law, and being otherwise fully and sufficiently advised, now finds as follows:

1.      The Debtor, Mary Robyn Perez ["Perez"] filed the instant Chapter 13 case on February 12, 2007. The Chapter 13 plan was also filed on that date. The U.S. Trustee's Office filed a Notice of Ineligibility for Discharge on February 28, 2007, based upon a prior Chapter 7 discharge in 2005.

2.      The Chapter 13 plan proposes to pay the continuing first and second mortgage payments to First Harrison Bank and proposes to cure the pre-petition mortgage arrearage claims owed to the Bank. The Bank filed a Motion for Relief from Stay and a Motion for Relief from Co-Debtor Stay on February 13, 2007. The Bank also filed an Objection to Confirmation of the Chapter 13 plan on February 19, 2007.

3.      The Bank was listed as a creditor on the schedules due to mortgages on property co-owned by the Debtor.

4.      On January 4, 2006, the Debtor's ex-husband, Antonio Perez ["Antonio"], executed a note in favor of the Bank in the amount of $109,600.00 ["the Note"]. The Debtor did not sign the Note. The Note was secured by a mortgage [the "Mortgage"] on 1121 Marci Lane, Georgetown, Indiana, 47122 [the "Property"]. The Mortgage was recorded in the Floyd County Recorder's Office on January 10, 2006 as Instrument #200600200. Debtor, as a co-owner of the Property, signed the Mortgage.

5.      Also on January 4, 2006, Antonio Perez executed a credit agreement and disclosure, by which he opened a revolving line of credit in the maximum principal amount of $27,400.00 [the "Credit Agreement"]. The Credit Agreement was secured by a mortgage [the "Second Mortgage"] on the Property and recorded in the Floyd County Recorder's office on January 10, 2006 as instrument #200600201. Debtor, as a co-owner of the Property, signed the Second Mortgage.

6.      Antonio and the Debtor were divorced on June 10, 1998.  Thus, at the time that Antonio executed the Note and the Credit Agreement, and at the time they signed the first and second mortgages, Antonio and the Debtor were not married.  In fact, in January, 2006, the Debtor was living in Indiana and Antonio was living in California.

7.      Antonio defaulted on his obligations under the Note, and the Bank filed a lawsuit to foreclose on the Property on October 30, 2006.  The Bank received a judgment and decree of foreclosure on December 14, 2006.  A Sheriff's Sale of the Property was scheduled for February 13, 2007, but the sale was stayed by the Debtor's bankruptcy filing one day prior to the scheduled sale.

## Discussion

The issue in this case is whether the Debtor's Chapter 13 plan, which proposes to cure the pre-petition mortgage arrearage, can be confirmed when the Debtor is on the deed and the mortgages but not on the Note or Credit Agreement.  The Bank contends, essentially, that there is no "underlying debt" to discharge under Section 1325(a)(5)(B)(i)(I)(aa).  The Debtor acknowledges that the underlying debt was created by the Note and Credit Agreement executed by Antonio Perez.  She further asserts, however, that while she is not personally obligated on the aforesaid instruments, she is not foreclosed from treating such mortgage "debt" as a "claim" against her property that can be paid through her Chapter 13 plan.  She relies, as support for that proposition, upon the case of *Johnson v. Home State Bank*, 501 U.S. 78 (1991).

In *Johnson*, the Supreme Court held that the mortgage, which survived a Chapter 7 discharge of the debtor's personal liability, was a "claim" subject to inclusion in the debtor's subsequent Chapter 13 plan.  Despite the Bank's efforts at distinguishing the facts, this court finds the logic of that case to be compelling.  Specifically, the Court noted that a "surviving mortgage interest

corresponds to an 'enforceable obligation' of the debtor." *Id.* at 84.  And perhaps more telling is the

following language contained in a footnote:

> A bankruptcy discharge extinguishes "the personal liability of the debtor with respect to any *debt*."  11 U.S.C. § 524(a)(1) (emphasis added).  As we explained in *Davenport*, "debt," which is defined under the Code as "liability on a claim," 11 U.S.C. § 101(12) (1988 ed., Supp. III), has a meaning coextensive with that of "claim" as defined in § 101(5). *Pennsylvania Dept. Of Public Welfare v. Davenport, supra*, at 558, 110 S.Ct., at 2130. Hence, a discharge under the Code extinguishes the debtor's personal liability on his creditor's claims.

*Id.* (footnote 5).  The Court also noted that such an interpretation was consistent with other

provisions in the Code, such as section 502(b)(1).  In that regard, the Court stated that such section

contemplates circumstances in which a "claim," like the mortgage lien that passes through a Chapter

7 proceeding, may consist of nothing more than an obligation enforceable against the debtor's

property.  Similarly, the Court observed that section 102(2) establishes, as a rule of construction, that

the phrase "claim against the debtor" would include a claim against property of the debtor.  *Id.* at 85.

A "claim" is understood to be a right to payment or an enforceable obligation.  *Johnson*

established that a mortgage lien is a claim.  "Debt" is simply described as liability on a claim.

Although the Bank would assert that it has no privity of contract with the Debtor, this Court finds

such statement to be inaccurate.  The Bank insisted upon security for the Note and Credit Agreement

that it entered into with Antonio.  It accepted, as that security, the Mortgage instruments that were

executed by Antonio and the Debtor, granting the Bank a security interest in the subject Property.

Thus, there was a mutual and voluntary contractual relationship between the Bank and the Debtor.

When a mortgage is given in consideration of an indebtedness, albeit a debt on which the

mortgagor is not liable, it cannot be credibly argued that the mortgagor has no obligation for that

debt.  By signing the mortgage, the Debtor evidenced her intention to pledge her property as security

for the debt.  If the Sheriff's sale were to take place, the Bank would apply her portion of the proceeds to the debt.  Perez, by choosing chapter 13, has offered to pay the debt in order to free her property from the mortgage lien.

It is true that section 1325(a)(5)(B)(i)(I)(aa) of BAPCPA modified the prior Code language to provide that, in order for a plan to be confirmed, the secured creditor must retain its lien until the earlier of (1) payment of the underlying debt determined under nonbankruptcy law or (2) discharge under section 1328.  Section 1325 does not, however, specify that the "underlying debt" be enforceable as against the person of the debtor.  In this case, the "underlying debt" is enforceable against the property of the debtor.  The Bankruptcy Code, pursuant to section 502(b)(1) clearly provides that these types of debts are to be recognized as allowable claims.  While it is true that the Debtor does not qualify for a discharge, the Court shall retain the lien on the Property until the "underlying debt" is paid in full.

Based, therefore, upon the foregoing, the Court DENIES the Bank's Motion to Terminate Co-Debtor Stay and OVERRULES the Bank's Objection to Confirmation of the Chapter 13 Plan.

### 

Distribution:

Gary D. Allen
115 E Spring St Ste 325
New Albany, IN 47150

Allen L. Morris
STITES & HARBISON PLLC.
323 East Court Avenue
Jeffersonville, IN 47130

Joseph M Black
PO Box 846
Seymour, IN 47274

U.S. Trustee
101 W. Ohio St.. Ste. 1000
Indianapolis, IN 46204